IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                      No. 3:01-cr-30038-DRH

FRANKLIN XAVIER,

Defendant.

## ORDER

**HERNDON, District Judge:**

Now before the Court is defendant Franklin Xavier's "Motion to be Placed on Exempt" (Doc. 65) in this closed criminal case. Xavier is presently incarcerated at Coleman United States Penitentiary in Florida with an expected release date of November 4, 2017. The Court interprets the motion as one to set aside or defer payment of fine. For the reasons discussed below, the motion is **DENIED**.

On March 1, 2002, this Court sentenced Xavier to a term of 36 months on Count 1 and a term of 60 months on Count 2, with the two sentences to run concurrently.[1] Additionally, the Court imposed a $200.00 assessment and a $1000 fine. In his present motion, the defendant states he is indigent and cannot afford the fine.

---

[1] Xavier had a prior federal conviction and sentence. Defendant was convicted of unauthorized possession of a firearm in violation of 14 V.I.C. §§ 2253(a) and 11(a) and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 922(a)(2). He was sentenced to a term of incarceration of fifteen (15) years on with a fine of Twenty–Five Thousand Dollars ($25,000), and ten (10) years, respectively, both counts to be served concurrently. *See United States v. Xavier*, No. CR 2008–018, 2013 WL 3993027, at *1 (D.V.I. Aug. 2, 2013).

In the instant case, the problem is that "once a criminal case ends in a sentence[,] the judge's power lapses." *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). "A post-judgment motion needs a source of authority for the judge to act." *Id. See also Carlisle v. United States*, 517 U.S. 416 (1996) (Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule.

The following post-judgment motions are allowed if timely filed.  Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands.  Further, a Rule 33 motion for new trial based on newly discovered evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict.  Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.  None of the above are applicable in the instant case.

The Court is unaware of any other legal ground on which (and the defendant has identified no basis on which) to modify the sentence and judgment to "exempt" him from his fine responsibility.

The Court further notes the Schedule of Payments on Xavier's judgment provided that "payments are due immediately." However, it also gave Xavier the option of participating in the Inmate Financial Responsibility Program ("IFRP") and provided that payments "shall be made at the rate of $100.00 per month or ten percent of his net monthly income, whichever is greater.

"If a fine is ordered payable immediately, immediate payment does not mean immediate payment in full; rather it means payment to the extent that the defendant can make it in good faith, beginning immediately." *United States v. Ellis*, 522 F.3d 737, 738 (7th Cir. 2008) (internal quotations and citation omitted). Thus, under the system of monthly payments imposed in Xavier's judgment, he is only required to pay *when he is able.* The Court fails to see how Xavier suffers any penalty, prejudice, or hardship from the system of monthly payments imposed in his judgment.

In summary, the Court is unaware of a legal ground on which (and the defendant has identified no basis on which) to modify his sentence and judgment to "exempt" him from his fine responsibility. Accordingly, Xavier's Motion to be Placed on Exempt (Doc. 65) is **DENIED**.

**IT IS SO ORDERED.**

**Signed this 16th day of May, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.05.16 14:14:21 -05'00'

**United States District Court**